### NORTHEAST NAT. BANK OF PHILADELPHIA v. FIREMAN'S FUND INDEMNITY CO.

#### No. 6562.

Circuit Court of Appeals, Third Circuit.

Dec. 28, 1937.

Wilhelm F. Knauer and J. Kennard Weaver, both of Philadelphia, Pa., for appellant.

George E. Beechwood, Robert G. Kelly, and Conlen, La Brum & Beechwood, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that on March 16, 1933, one Teich borrowed from the Northeast National Bank of Philadelphia (hereafter styled bank) $15,000, payable at maturity, April 14, 1933. The note bore this entry: "It is agreed and understood that this obligation will be reduced $1,500.00 every thirty days." At the same time the Fireman's Fund Indemnity Company, California (hereafter called surety), gave bank a surety bond which provided that Teich "will pay the Northeast National Bank of Philadelphia at maturity both the principal and interest of" the foregoing note. In point of fact, Teich, at the maturity of the note, paid only $1,500 on the note, but bank then accepted his note for $18,500 and surrendered the original note, which was marked canceled. Thereafter, Teich continued to pay $1,500 monthly until November 17, 1933, when $4,500 remained unpaid, at which time he defaulted. Whereupon bank brought suit against surety.

On trial, the case was submitted to the jury subject to a reservation by the court. Thereafter, the court entered judgment n. o. v. in favor of surety. Whereupon the bank took this appeal.

The facts being as above stated, Teich's failure to pay the original note of $15,000 at its maturity on April 14, 1933, was a default of which bank was obligated to give notice to surety. It is contended notice was waived for surety by Brown, the agent of surety, who negotiated the policy. But there was no warranting proof of Brown's right to so waive, so the case stands on the basis of Teich's failing to pay the guaranteed note at maturity, of its surrender and cancellation, and of the subsequent action of bank in extending Teich's indebtedness from time to time until November 17, 1933, when he defaulted. Of all these acts surety had no knowledge.

Without discussing other contentions made, all of which have received due consideration, we limit ourselves to stating the judgment below is affirmed.